IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LINDELL MOORE,** : | **CIVIL ACTION** |
| Plaintiff, : | |
| : | |
| v. : | NO.   24-2898 |
| : | |
| **THE ALLENTOWN SCHOOL** : | |
| **DISTRICT,** *et al.*, : | |
| Defendants. : | |

## MEMORANDUM

**MURPHY, J.**                                                                                                    **July 17, 2024**

Lindell Moore has filed a civil rights action alleging racial discrimination naming as Defendants the Allentown School District ("ASD") and Washington Elementary School ("WES").  Mr. Moore also seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant Mr. Moore leave to proceed *in forma pauperis* and dismiss the case.

## I.      FACTUAL ALLEGATIONS[1]

Mr. Moore's allegations are brief.  He asserts that on January 28, 2023 and February 1, 2023 Allentown Police Officers Merveille Mvindu and Dakota Martin respectively responded to WES for calls involving his alleged violation of a Protection From Abuse ("PFA") order.[2]  DI 2 at 3.  He claims that, although the Officers saw that WES had a "sentencing order" rather than a

---

[1] Unless otherwise stated, the factual allegations set forth in this Memorandum are taken from Mr. Moore's Complaint (DI 2).  The Court adopts the sequential pagination assigned to the Complaint by the CM/ECF docketing system.

[2] Mr. Moore has sued Dakota Martin and Merveille Mvindu in other cases in this Court concerning this incident.  *See Moore v. Martin*, No. 23-4410 (E.D Pa.); *Moore v. Russell*, No. 23-1900; *Moore v. Allentown Police Dep't*, No. 24-2754 (E.D. Pa.).  These cases were dismissed.

PFA order, the Officers each erroneously obtained a warrant for Mr. Moore's arrest. *Id*. Both Officers allegedly "created a plethora of harassments" that resulted in Mr. Moore becoming homeless and having mental health challenges. *Id*. An otherwise unidentified individual named Stephanie N. Morrison delivered a "sentencing order" to WES in September, 2023, and convinced the School that it was a PFA order. *Id*. Mr. Moore seeks money damages asserting that "although ASD had no such paper work to substantiate evidence of any crimes, because [Moore] is a blackman, ASD found it convenient to accept paper regardless of it's [sic] validity from [a] parent" – possibly Morrison – "who 'illegally' has custody of [his] children for the last 7 ½ yrs." *Id*. at 5.

## II. STANDARD OF REVIEW

The Court grants Mr. Moore leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

As Mr. Moore is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III.     DISCUSSION

Mr. Moore asserts claims for "racial discrimination" against ASD and WES and seeks money damages. The Court understands him to be asserting equal protection claims under the Fourteenth Amendment. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "Section 1983 does not, by its own terms, create substantive rights; it provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws." *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996); *Pappas v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) ("Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors.") (citing *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Twp. of Manalapan*, 47 F .3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law.").

A school district is considered a municipality, and as such, may be liable for civil rights violations "under § 1983 only where the municipality itself causes the constitutional violation at issue." *Lesher v. Zimmerman*, 822 F. App'x 116, 120-21 (3d Cir. 2020). To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the

3

alleged constitutional violation.  *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).  The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard.  *McTernan v. City of York,* 564 F.3d 636, 658 (3d Cir. 2009).  It is not enough, however, to allege the existence of a policy or custom.  "A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries." *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)).  This can be done "by demonstrating an 'affirmative link' between the policy or custom and the particular constitutional violation" alleged.  *Id.*  Allegations that simply paraphrase the standard for municipal liability, are too vague and generalized to support a claim against the City.  *See, e.g.*, *Szerensci v. Shimshock*, No. 20-1296, 2021 WL 4480172, at *7 (W.D. Pa. Sept. 30, 2021) ("Plaintiffs' conclusory allegation, which generally paraphrases the relevant standard, is insufficient to state a claim for § 1983 liability under *Monell*.") (citing cases).  "It is well-settled that, if there is no violation in the first place, there can be no derivative municipal claim."  *See Mulholland v. Gov't Cnty. of Berks, Pa.*, 706 F.3d 227, 238 n.15 (3d Cir. 2013).

     Mr. Moore's allegations fail to meet this standard.  He does not allege his constitutional rights were violated to due to a policy or custom of ASD.  Indeed, he does not make any policy allegations.  He asserts only that Stephanie N. Morrison delivered a "sentencing order" to WES and convinced the School that it was a PFA order, even though there was no other paperwork.  He asserts that ASD accepted the paperwork because of his race.  To the extent that this allegation can be understood to mean that ASD or WES violated his equal protection rights when it apparently cooperated with the two officers resulting in his arrests, Mr. Moore has failed to state a basis for *Monell* liability since he does not allege ASD acted pursuant to a policy or

custom that caused a constitutional violation.  The claim against WES suffers from the additional defect that Mr. Moore does not allege that WES, apparently a school that is part of ASD, is a separate legal entity liable under § 1983.  *See generally*, *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality).

For these reasons, Mr. Moore's Complaint cannot proceed.  The Court will permit him an opportunity to file an amended complaint if he is able to allege plausibly that his rights were violated and the violation was due to a policy of ASD.  An appropriate order follows with additional instructions on amendment.